IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO.  08-01956 (MCF) |
| WESTERN RADIOSONICS, INC. | : | |
| | : | CHAPTER 11 |
| | : | |
| Debtors | : | |
| _____ | : | |
| | : | |
| WESTERN RADIOSONICS,INC. | : | ADVERSARY NO.   11-00051 |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| BANCO POPULAR de PUERTO RICO | : | |
| | : | |
| | : | |
| Defendant | : | |
| | : | |
| _____ | : | |

OPINION AND ORDER

Pending before the court is Defendant Banco Popular de Puerto Rico's (hereafter referred to as "Defendant") motion to dismiss the adversary proceeding. (Docket No. 66.)  Defendant asks that the bankruptcy court abstain from exercising jurisdiction in the instant case so that the issue may be resolved by the local court.  For the reasons set forth below, the court grants the Defendant's motion to dismiss and declines to exercise our jurisdiction to resolve the complaint, which involves a breach of contract issue based solely on local law.

**I.PROCEDURAL HISTORY**

The instant proceeding involves a complaint filed by Plaintiff Western Radiosonics, Inc. (hereafter referred to as "Plaintiff") seeking specific performance of a sales contract and damages as a result of breach of contract.  The Plaintiff purchased a yacht from

Defendant for $120,000.00 in 2007 and it allegedly was not delivered as per the sales contract. As a result, Plaintiff is seeking the replacement value of $475,000.00 plus damages of $500 per diem and interest.

The following facts are not in dispute.[1] In 2008, Plaintiff filed a civil action in the Commonwealth of Puerto Rico Court against Defendant for a breach of contract (KAC 08-0360), seeking the same relief, as is now sought in the bankruptcy proceedings. During the course of the local court proceedings, Defendant consigned with the court the amount of $120,000.00 plus $12,646.35 interest. The parties completed discovery, a pre-trial report was filed and a date was set for trial in May 2009 which was later continued to a later date. On May 24, 2009, Plaintiff requested voluntary dismissal without prejudice of the complaint. The dismissal was granted and the state court ordered that the consigned funds in the amount of $132,647.35 be delivered to the Plaintiff. The monies were received and kept by the Plaintiff. On February 23, 2011, Plaintiff filed the instant Adversary Proceeding claiming the same grounds for relief as in the local court case.

## II. LEGAL ANALYSIS AND DISCUSSION

Mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) requires the presence of several elements: (1) a party to the

---

[1] The court held a hearing on February 15, 2012, at which time , the facts of the case were discussed by the parties. See the Minutes of the Proceeding. (Docket No. 64.)

2

proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a related (non-core) proceeding; (4) absent section 1334(b), the cause of action (one "related" to the bankruptcy case) could not have been commenced in a federal court; and (5) the proceeding is commenced and can be timely adjudicated in a state forum.

In the instant case, Defendant filed a timely motion to abstain; the proceeding is based on Puerto Rico law; the breach of contract issue is a related (non-core) proceeding; the complaint could not have been commenced in federal court without the bankruptcy proceeding; and the local court proceeding was on-going at the time the bankruptcy petition was filed. A trial date had already been scheduled, even though it was later continued.

Given these set of facts, the local court is the appropriate forum to resolve the issue. It is the local court who handled the entire "breach of contract" proceeding until Plaintiff chose to voluntarily dismiss the case and re-file the same complaint in bankruptcy court. We find this surprising in view of the fact that: (1) the proceedings were in a very advanced stage and about to be resolved by the local court and (2) the breach of contract issue involved solely state law.

Even if mandatory abstention does not apply since the local court case is not active at present (albeit because of Plaintiff's own actions), the court chooses to apply discretionary abstention under 28 U.S.C. § 1334(c)(1). In the interest of justice and the interest of comity with state courts and respect for state law, we abstain from hearing this matter related to a case under title 11. See Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S. Ct. 628, 84 L. Ed. 876 (1940); Taxel v. CommerceBank ( In re World Fin. Servs. Center, Inc.), 64 B.R. 980 (Bankr. S.D. Cal. 1986).

<u>ORDER</u>

WHEREFORE, THE COURT GRANTS the Defendant's motion  to dismiss the adversary proceeding for the aforementioned reasons.

**SO ORDERED.**

San Juan, Puerto Rico, this 28 day of September, 2012.

BY THE COURT:

*Mildred Caban*

**MILDRED CABAN FLORES**
U.S. Bankruptcy Judge

4